AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Deadreart Jamel Holmes | ) | Case No. 8:25-mj-2598-CPT |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __June 26, 2025__ in the county of __Pinellas__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 871(a) | Threats Against the President and Successors of the Presidency |

This criminal complaint is based on these facts:

See attached affidavit.

☒ Continued on the attached sheet.

_____
*Complainant's signature*

Justin Camp, United States Secret Service
*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: July 22, 2025

_____
*Judge's signature*

City and state: Tampa, FL

Christopher P. Tuite, U.S. Magistrate Judge
*Printed name and title*

USSS - Standard Sensitive Info

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Justin Camp, being first duly sworn, hereby depose and state the following:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the United States Secret Service ("USSS") and have been since December 2001. I am currently assigned to the USSS Tampa Field Office and serve in the Tampa Bay Cyber Fraud Task FOrce. My assigned duties include the investigation of federal criminal offenses, including threats directed towards current and former protectees of the USSS. This includes threatening communications in violation of 18 U.S.C. § 875, threats against the President and successors of the Presidency in violation of 18 U.S.C. § 871, as well as threats against former Presidents and certain other persons protected by the USSS covered by 18 U.S.C. § 879, and related crimes. As a USSS Special Agent, I am charged with the duty of enforcing the law of the United States of America and possesses the authority to request, obtain and execute Orders of the United States Courts.

2. I have been trained in obtaining probable cause, surveillance techniques, the interviewing of subjects and witnesses, and the planning and execution of arrest, search, and seizure warrants.

3. I submit this affidavit in support of a criminal complaint charging Deadreart Jamel HOLMES ("HOLMES"), a U.S. citizen who is currently homeless, but has a listed address located at 7818 Wexford Park Dr, Apartment 104, Tampa, FL

33609, with threats against the President and successors of the Presidency, in violation of 18 U.S.C. § 871.

4. The statements contained in this affidavit are based on the personal knowledge, experience and reliable information from other USSS Special Agents (SA), other law enforcement officers, and computer databases. Because of the limited purpose of this affidavit, I have not included each and every fact known to me. Rather, I have included only those facts necessary to establish probable cause supporting the requested complaint.

5. On June 26, 2025, **HOLMES** voluntarily admitted himself to Largo Medical Center—Indian Rocks, located at 2025 Indian Rocks Road S, Largo, FL 33774 for suicidal thoughts. The treating physician, Dr. P., was conducting an initial medical assessment with **HOLMES** when **HOLMES** screamed an unsolicited statement, "I will kill President Trump when I leave the facility." **HOLMES** also screamed that he had a firearm to commit the murder. **HOLMES'** statements were not in response to a question on the physician's assessment. **HOLMES'** statement was heard by the treating physician, Dr. P.

6. A query of **HOLMES'** criminal history indicated he served a 13-year sentence in prison for a 2nd-degree murder conviction. He does not qualify for a Risk Protection Order, as he already cannot legally own firearms. **HOLMES** has numerous criminal charges of violation of probation and other various violent crimes.

2

USSS - Standard Sensitive Info

7. On June 27, 2025, two USSS SAs, A.K. and E.V., attempted to interview an associate of **HOLMES** at 7818 Wexford Park Dr, Apartment 104, Tampa, FL 33609. There was no answer at the apartment door after multiple attempts of access.

8. Continuing on the same date, the same USSS SAs attempted to interview **HOLMES** at Largo Medical Center—Indian Rocks. **HOLMES** refused to be interviewed and did not want to leave his assigned room. Hospital personnel informed the SAs that **HOLMES** was placed under a Baker Act (BA) 52, which was set to expire in the evening hours of June 27, 2025. Hospital personnel stated **HOLMES** was then placed under a BA-32 due to his continued aggressive and violent behavior. The BA-52 is used to initiate an involuntary mental health assessment, which typically lasts up to 72 hours. The BA-32 is used to petition the courts for a continuation of the involuntary mental health assessment beyond the initial 72 hours. **HOLMES** does not have a history of BA commitments. Hospital personnel stated the diagnosis for **HOLMES** was a Brief Psychotic Disorder (BPD). BPD is a short-term condition involving sudden onset of at least one positive psychotic symptom for more than a day but less than a month. Some of the symptoms hospital personnel stated **HOLMES** was suffering from were delusions and paranoia. **HOLMES** then stated he was being framed by the FBI, CIA, and other government agencies.

9. On June 30, 2025, hospital personnel notified USSS SA E.V. that **HOLMES** was discharged from Largo Medical Center—Indian Rocks. The discharge plan was

USSS Standard Sensitive Info

for **HOLMES** to be transported to St. Vincent de Paul CARES, a social services organization, located at 384 15th St N, St. Petersburg, FL 33 705. **HOLMES'** current location is unknown since he is homeless.

10. On July 18, 2025, **USSS** SA E.V. called a St. Vincent de Paul CARES representative, J.L., who informed SA E.V. the name **HOLMES** was unrecognizable, and that **HOLMES** did not check into the location on June 30, 2025.

## CONCLUSION

11. Based on the foregoing information, I respectfully submit that probable cause exists to believe that Deadreart Jamel **HOLMES** knowingly and willfully threatened to kill the President, in violation of 18 U.S.C. § 871(a).

_____
Justin Camp
Special Agent
U.S. Secret Service

Affidavit submitted to me by reliable electronic means and attested to me as true and accurate by telephone or other reliable electronic means consistent with Fed. R. Crim. P. 4.1 and 4(d) before me this 22 day of July 2025.

_____
HON. CHRISTOPHER P. TUITE
United States Magistrate Judge

4